Nos. 16-1903, -1904, -1905

# United States Court of Appeals for the Federal Circuit

**FO2GO LLC,**
*Plaintiff-Appellant,*

v.

**PINTEREST, INC., SMUGMUG, INC., TUMBLR, INC., YAHOO! INC.,**
*Defendants-Appellees*.

Appeals from the United States District Court for the District of Delaware in Case Nos. 1:15-cv-00097-RGA, 1:15-cv-00099-RGA, and 1:15-cv-00101-RGA, Judge Richard G. Andrews.

## REPLY BRIEF OF PLAINTIFF-APPELLANT FO2GO LLC

David R. Bennett
*Counsel of Record*
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614
Telephone: 312-291-1667
dbennett@directionip.com

*Attorney for Plaintiff-Appellant FO2GO LLC*

August 15, 2016

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

FO2GO LLC **v.** Pinterest, Inc.

Case No. 16-1903, 16-1904, 16-1905

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☒ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

FO2GO LLC

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| FO2GO LLC | Same as 1. | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Direction IP Law: David R. Bennett; Bayard, P.A.: Stephen Brauerman, Sara Bussiere, Richard Kirk, Vanessa Tiradentes

Jun 20, 2016
Date

/s/David R. Bennett
Signature of counsel

Please Note: All questions must be answered

David R. Bennett
Printed name of counsel

cc:

Reset Fields

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ iii

TABLE OF ABBREVIATIONS ........ v

I. SUMMARY OF THE ARGUMENT ........ 1

II. ARGUMENT ........ 4

A. Defendants Ignore Relevant Case Law ........ 4

1. The Court Should Not Disregard the Standard for Determining Means-Plus-Function Set Forth in this Court's *En Banc* Decision in *Williamson v. Citrix Online* ........ 4

2. Cases Discussing Evidence Weighing Against Means-Plus-Function Claiming Are Relevant Regardless of Whether the Word "Means" is Used ........ 5

B. The Claim Language Rebuts the Presumption of Means-Plus-Function Claiming by Disclosing Sufficient Structure ........ 8

1. The Claim Language Can Rebut a Presumption to Means-Plus-Function Claiming if it Discloses a "Sufficient" Structure Even if it Can Cover a Broad Class of Structures and Identifies the Structure by a Function ........ 9

2. "Parsing" Discloses a Sufficient Structure ........ 10

3. The Other Claim Language is Relevant Because the "Server Control" Term is Read in the Context of the Particular Claim ........ 13

C. The Claims Are Not Indefinite Because the Specification Discloses Sufficient Structure Through Texts, Diagrams, and Flow Charts ........ 14

1. The Cases Relied on by Defendants Are Distinguishable on the Facts and the Applicable Law....16

2. The "Server Control" Term is Not Implemented by a General Purpose Computer....19

3. The Exemplary ASP and PHP Code Are Relevant to Support Why the Specification Discloses Structure for the "Server Control" Term....20

D. Defendants Did Not Rebut the Barnett Declaration and the District Court Did Not Consider the Barnett Declaration....21

CONCLUSION....25

# TABLE OF AUTHORITIES

**Cases**

*Advanced Ground Inf. Sys., Inc. v Life360, Inc.*,
No. 2015-1732, slip op. (Fed.Cir. July 28, 2016) ........................................ 17, 24

*Altiris, Inc. v. Symantec Corp.*,
318 F.3d 1363 (Fed.Cir. 2003) ............................................................ 12, 13, 23

*Apex, Inc. v. Raritan Computer, Inc.*,
325 F.3d 1364 (Fed.Cir. 2016) ..........................................................................6

*Apple Inc. v. Motorola, Inc.*,
757 F.3d 1286 (Fed.Cir. 2014) (*overruled in part*
(heightened presumption) *by Williamson*, 792 F.3d at 1349) ...................... passim

*Biomedino, LLC v Waters Techs. Corp.*,
490 F.3d 946 (Fed.Cir. 2007) ..........................................................................15

*Budde v. Harley-Davidson Inc.*,
250 F.3d 1369 (Fed.Cir. 2001) ........................................................................22

*Default Proof Credit Card v. Home Depot USA*,
412 F.3d 1291 (Fed.Cir. 2005) ........................................................................25

*Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*,
785 F3d 616 (Fed.Cir. 2015) ..........................................................................24

*ePlus, Inc. v. Lawson Software, Inc.*,
700 F.3d 509 (Fed.Cir. 2012) ..........................................................................12

*Flo Healthcare Sols., LLC v. Kappos*,
697 F.3d 1367 (Fed.Cir. 2012) (*overruled in part*
(heightened presumption) *by Williamson*, 792 F.3d at 1349) ................... 7, 10, 19

*Gemtron Corp. v. Saint-Gobain Corp.*,
572 F.3d 1371 (Fed.Cir.2009) ..........................................................................21

*Ibormeith IP, LLC v Mercedes-Benz USA, LLC*,
732 F.3d 1376 (Fed.Cir. 2013) ............................................................ 15, 17, 18

*Invitrogen Corp. v. Clontech Laboratories, Inc.*,
429 F.3d 1052 (Fed.Cir. 2005) .....................................................................22

*Lighting World, Inc. v. Birchwood Lighting, Inc.*,
382 F.3d 1354 (Fed.Cir. 2004) (*overruled in part*
(heightened presumption) by *Williamson*, 792 F.3d at 1349)....................... passim

*Linear Tech. Corp. v. Impala Linear Corp.*,
379 F.3d 1311 (Fed.Cir. 2004) ................................................................ 7, 11, 24

*Massachusetts Inst. of Tech. v. Abacus Software*,
462 F.3d 1344 (Fed.Cir. 2006) ..................................................................... passim

*Noah Sys., Inc. v. Intuit Inc.*,
675 F.3d 1302 (Fed.Cir. 2012) .....................................................................25

*Osram Sylvania v. American Induction Techs.*,
701 F.3d 698 (Fed.Cir. 2012) .......................................................................25

*Perfect Web Technologies, Inc. v. InfoUSA, Inc.*,
587 F.3d 1324 (Fed.Cir. 2009) .....................................................................21

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed.Cir. 2005) (*en banc*)..................................................... 14, 23

*Power Integrations, Inc. v. Fairchild Semiconductor, Int'l, Inc.*,
711 F.3d 1348 (Fed.Cir. 2013) ..................................................................... passim

*Sage Prods., Inc. v. Devon Indus., Inc.*,
126 F.3d 1420 (Fed.Cir. 1997) .....................................................................13

*TecSec, Inc. v. International Business Machines Corp.*,
731 F.3d 1336 (Fed.Cir. 2013) .....................................................................22

*Triton Tech. of Texas, LLC v Nintendo of America, Inc.*,
753 F.3d 1375 (Fed.Cir. 2014) .....................................................................18

*Williamson v. Citrix Online, LLC*,
792 F.3d 1339 (Fed.Cir. 2015) (*en banc in part*)................................... 4, 5, 6, 11

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| ‘651 patent | U.S. Patent No. 7,173,651 (patent-in-suit) |
| Barnett Declaration | Declaration of James Barnett (Appx000303-Appx000314) |
| Defendants | Pinterest, Inc., Smugmug, Inc., Tumblr, Inc., and Yahoo! Inc. (defendants-appellees) |
| Defts Br. | Defendants-Appellees Pinterest, Inc., Smugmug, Inc., Tumblr, Inc., and Yahoo!, Inc.’s Corrected Opening Brief (Appeal Dkt. No. 27). |
| FO2GO | FO2GO LLC (plaintiff-appellant) |
| Opening Brief | Brief of Plaintiff-Appellant FO2GO LLC (Appeal Dkt. No. 19) |
| “Server Control” Term | “server control means for parsing said recipient code from each said message” (Appx000061 at col. 16:29-30) |

## I. SUMMARY OF THE ARGUMENT

Defendants incorrectly argue that this Court should disregard the *en banc* decision in *Williamson v. Citrix Online*. In *Williamson*, the *en banc* Court stated that the standard for determining whether means-plus-function claiming applies is whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. Whether the word "means" is used only changes the side on which the presumption lies, but the standard does not change. However, Defendants argue that *Williamson* and any other case that does not analyze a term using the word "means" are irrelevant law. This blindly elevates form over substance because the cases discuss what type of evidence is relevant to the determination of means-plus-function claiming regardless of whether the term "means" is used or where the presumption lies. The district court and Defendants therefore erred by disregarding *Williamson*.

Defendants ignore the claim language and the Barnett Declaration when arguing that the claims do not rebut the presumption of means-plus-function claiming. Defendants argue that "parsing" is insufficient to disclose structure. However, because "parsing" is a term used in common parlance or by persons skilled in the art to designate structure, it is not relevant whether the language may cover a broad class or identifies a structure by its function.

Defendants' focus solely on the "parsing" language also ignores that, as explained in the Barnett Declaration, the remaining claim language discloses a sufficient structure for the "server control" term. The "server control" is software on the server. The claims describe how the server is arranged within the system at a destination address to receive messages containing recipient codes, that the messages received and processed by the server contain a recipient code that is stored in a database associated with the server, and that the server processes the message in accordance with the account configuration associated with the recipient code. In the context of the claims, the "server control" term would be understood by a skilled artisan to have a sufficiently definite meaning as the name for structure.

Defendants' argument that claims are indefinite because the specification does not disclose sufficient structure errs by also focusing solely on the word "parsing," which reads the specification too narrowly. The specification discloses text, diagrams, and flow charts that disclose to a person skilled in the art a sufficient structure for parsing. Defendants argue that the disclosure requires extensive details including the particular programming language to use; however, the law does not require disclosure of an algorithm so particularized as to eliminate the need for any implementation choices by a skilled artisan. Instead, there is a sufficient structure in the specification if the disclosures are sufficient for a person

skilled in the art to provide an operative software program for the specified function.

Defendants' arguments that the Barnett Declaration should be ignored are incorrect for three reasons. First, the Barnett Declaration is unrebutted because Defendants only responded to the Barnett Declaration with attorney argument, which is not evidence. Second, Defendants' argument that the district court explicitly or implicitly considered the Barnett Declaration and chose to reject it is not supported anywhere in the record. The only case law cited by the district court states that the Barnett Declaration should have been considered. Third, Defendants provide no case law that would support disregarding expert testimony when determining whether the claims disclose a sufficient structure to avoid means-plus-function claiming. Defendants' cases only discuss consideration of expert testimony once it has been determined that a term uses mean-plus-function claiming. Furthermore, the cases Defendants cite support that the Barnett Declaration should be considered in this case and that the district court erred by ignoring the declaration and failing to justify why the declaration was ignored.

The "server control" term is therefore not in means-plus-function form and not indefinite, and the claims of the U.S. Patent No. 7,173,651 are not invalid.

## II. ARGUMENT

### A. Defendants Ignore Relevant Case Law

Defendants incorrectly argue that the Court should disregard the means-plus-function standard set forth *en banc* in *Williamson v. Citrix Online* and disregard cases analyzing evidence that weighs against means-plus-function claiming.

#### 1. The Court Should Not Disregard the Standard for Determining Means-Plus-Function Set Forth in this Court's *En Banc* Decision in *Williamson v. Citrix Online*

Defendants argue that the *en banc* decision *Williamson v. Citrix Online, LLC,* 792 F.3d 1339, 1350 (Fed.Cir. 2015) (*en banc in relevant part*), setting forth the standard for analyzing whether means-plus-function applies was correctly rejected by the district court and should be ignored by this Court. (Defts Br. at 17 n. 5, 18). Defendants contend that *Williamson* is irrelevant because it involved a claim term that did not use the word "means." (*Id.*). Ignoring the analysis in *Williamson* solely because it did not involve the word "means" contradicts *Williamson* which states that the Court has not "blindly elevated form over substance when evaluating whether a claim limitation involves §112, para. 6." 792 F.3d at 1348. The means-plus-function standard set forth in *Williamson* applies regardless of whether the word "means" is used, only the presumption shifts.

The *en banc* Court in *Williamson* states that the same standard for determining means-plus-function applies regardless of whether the word "means" is used: "The standard is whether the words of the claim are understood by persons

of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." 792 F.3d at 1349. Whether the word "means" is used only changes the side on which the presumption lies. *Id.* In this case, where the word "means" is used, there is a presumption of means-plus-function claiming; however, the standard analyzed, and evidence considered, is the same as when "means" is not used. *Id.*

Defendants therefore argue the incorrect analysis when they state that "[t]he only way to rebut [the means-plus-function] presumption is to show that the ***claim, in addition to the functional language, recites*** structure sufficient to perform the claimed function in its entirety." (Defts Br. at 15 (internal quote and citation omitted, emphasis added), *also* Defts Br. at 20). Instead, the appropriate standard is "whether the words of the ***claim are understood by persons of ordinary skill in the art*** to have a sufficiently definite meaning as the name for structure." *Williamson*, 792 F.3d at 1349.

The district court's decision to disregard *Williamson*, (Appx000007), and Defendants' request for this Court to ignore *Williamson*, are therefore incorrect.

### 2. Cases Discussing Evidence Weighing Against Means-Plus-Function Claiming Are Relevant Regardless of Whether the Word "Means" is Used

Defendants incorrectly argue that cases in which the word "means" was "absent from the claim" "are inapplicable here, where the disputed claim phrase is

drafted in prototypical means-plus function format…." (Defts Br. at 21). This again is contrary to *Williamson*, which rejects "blindly elevat[ing] form over substance." 792 F.3d at 1348. With the same standard for means-plus-function applied, evidence of whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure is relevant regardless of where the presumption lies. The type of evidence that weighs against means-plus-function claiming in a case that does not use the word "means," equally weighs against means-plus-function claiming in a case in which the word "means" is used.

Furthermore, regardless of which side the presumption lies, the weight to overcome the presumption is simply the preponderance of the evidence. *Apex, Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1372 (Fed.Cir. 2016). It is no more difficult to overcome the presumption for means-plus-function claiming than it is to overcome the presumption against means-plus-function claiming. *Williamson*, 792 F.3d at 1349.

Defendants specifically argue two cases cited by FO2GO as "inapplicable law." (Defts Br. at 21-22). Defendant argues that *Massachusetts Inst. of Tech. v. Abacus Software*, 462 F.3d 1344 (Fed.Cir. 2006), is irrelevant because it did not involve use of the word "means" and therefore "disclosing an input, output, and objective" is not sufficient to disclose structure. (*Id.* at 21). In *Massachusetts*,

when finding that the claim was not in means-plus-function format, the Court did not rely only on the use of the word "circuit." 462 F.3d at 1356. Instead, the Court stated that the "claim language does not merely describe a circuit; it adds further structure by describing the operation of the circuit" through an input, objective, and output. *Id.* The input, output, and objective has also been used by the Court for terms not using the word "circuitry." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1299 (Fed.Cir. 2014) ("heuristic") (*overruled in part* (heightened presumption) *by Williamson*, 792 F.3d at 1349). In each of the cases cited by FO2GO and disregarded by Defendants, the Court did not summarily rely solely on the lack of the word "means" and instead analyzed the evidence that weighed against means-plus-function claiming.[1]

[1] *Flo Healthcare Sols., LLC v. Kappos*, 697 F.3d 1367, 1373-75 (Fed.Cir. 2012) (*overruled in part* (heightened presumption) *by Williamson*, 792 F.3d at 1349) (the Court stated "mechanism" is a generic term that may not connote any more structure than "means" so analyzing the surrounding language was required); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1319-20 (Fed.Cir. 2004) (the Court looked beyond the word "circuitry" to determine whether there was sufficient detail as to the circuit's operation to suggest structure to a person skilled in the art); *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1359-61 (Fed.Cir. 2004) (*overruled in part on other grounds* (heightened presumption) by *Williamson*, 792 F.3d at 1349) (the Court looked at expert testimony, the claim language, and the specification to determine whether the term was in means-plus-function form); *Power Integrations, Inc. v. Fairchild Semiconductor, Int'l, Inc.*, 711 F.3d 1348, 1363 (Fed.Cir. 2013) (despite a presumption against means-plus-function claiming, the Court held the evidence "weighs heavily in favor of finding sufficient structure"); *Apple*, 757 F.3d at 1295 (even though the word "means" was not used, the Court

The second case that Defendants specifically argued is irrelevant is *Apple,* 757 F.3d 1286. Defendants point to FO2GO's inadvertent error[2] in quoting *Apple* regarding disclosing a sufficient structure "to implement" an operative software program, even though *Apple* does discuss structures that "implement" software. 757 F.3d at 1298. Regardless, FO2GO also explained why there is a sufficient structure in the claims and specification to *provide* an operative software program for the specified function." (*e.g.*, Opening Br. at 15, 19, 27, 33, 37, 39, 43, 48 ("An algorithm can also be provided…").

### B. The Claim Language Rebuts the Presumption of Means-Plus-Function Claiming by Disclosing Sufficient Structure

Defendants disregard the law and claim language to argue that the claim does not rebut the presumption of means-plus-function claiming. As explained in FO2GO's opening brief, there is no dispute that the "server control" is software on the server. (Opening Br. at 34). The server is associated with a destination address to which messages from the wireless digital apparatus containing recipient codes

---

determined whether the claim language has a sufficient definite structure to a person skilled in the art).

[2] Counsel for FO2GO sincerely apologizes for the incorrect quote regarding *Apple* in its brief, which should have bracketed "or implemented." The correct sentence should have been "The patent need only disclose sufficient structure for a person of skill in the field to provide [or implement] an operative software program for the specified function." In *Apple*, the Court stated "the typical physical structure that ***implements*** software, a computer, cannot be relied upon to provide sufficiently definite structure for a software claim lacking 'means.'" 757 F.3d at 1298 (emphasis added). Another structure to "implement" software would therefore be sufficient structure.

are sent; the server is responsive to messages received from a wireless digital camera apparatus; the server is associated with a database that stores account configuration data including recipient codes; and the server retrieves account configuration data from the database to process messages containing recipient codes. (Appx000061 at col. 16:24-34). Furthermore, the claims disclose that a message containing a recipient code is created on a digital camera that is transmitted to a server, which parses the recipient code from the message, and then retrieves account configuration data associated with the recipient. (Opening Br. at 14-15, 17, 26-27). For all claims of the ‘651 patent, the words of the claims are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure. (Opening Br. at §V(B)(2)).

#### 1. The Claim Language Can Rebut a Presumption to Means-Plus-Function Claiming if it Discloses a “Sufficient” Structure Even if it Can Cover a Broad Class of Structures and Identifies the Structure by a Function

Defendants argue the incorrect standard when they argue that FO2GO offered “no evidence that ‘server control means’ is something that skilled artisans would understand to refer to a specific structure.” (Defts Br. at 19; *also* at 25). The Court has never required a “specific structure,” only a “sufficient structure”:

> “[I]n considering whether a claim term recites sufficient structure to avoid application of section 112 ¶ 6, we have not required the claim term to denote a specific structure.”

*Massachusetts*, 462 F.3d at 1356 (*quoting Lighting World*, 382 F.3d at 1359-60). The Barnett Declaration explained that the "server control" term discloses sufficient structure and "parsing" has a well-understood meaning, is a defined operation to a person skilled in the art, and is a one-step algorithm. (Appx000306-307 at ¶¶4-11). The Barnett Declaration also explained why the remainder of the claim supported that a sufficiently definite structure is disclosed in the claim. (*Id.* at ¶¶12-15). Regardless of whether the claim is implemented on a general purpose computer, the words of a claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure.

#### 2. "Parsing" Discloses a Sufficient Structure

Defendants argues that that "parsing" cannot be a sufficient structure because it is a function or only describes a class of structure. (Defts Br. at 24-25). This is incorrect:

> "[W]e have held that it is sufficient if the claim term is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function."

*Massachusetts*, 462 F.3d at 1356 (*quoting Lighting World*, 382 F.3d at 1359-60); *Apple*, 757 F.3d at 1301 (*citing Flo Healthcare*, 697 F.3d at 1374 (*quoting Lighting World*, 382 F.3d at 1359)); *also Power Integrations*, 711 F.3d at 1365. The term "parsing" is used in common parlance or by persons of skill in the pertinent art to

designate structure. (Opening Br. at 35-36; Appx000306-307 at ¶¶9-11). In such a situation, whether the term covers a broad class of structures or whether parsing describes a function is therefore irrelevant. *Massachusetts*, 462 F.3d at 1356; *Apple*, 757 F.3d at 1301; *Power Integrations*, 711 F.3d at 1365.

Defendants' attack on examples from ASP code and PHP code provided in the Barnett Declaration because they are "***not the language of the claims***," again demonstrates the error in Defendants' analysis. (Defts Br. at 25-26). The references to ASP and PHP codes were merely examples in the Barnett Declaration of why a person skilled in the art would understand that "parsing" is a one-step algorithm. This evidence is relevant because determining whether a term is in means-plus-function form is a claim construction analysis that allows looking at dictionaries and expert opinion to determine if the disputed claim term has a structural meaning to a person skilled in the art. *Lighting World*, 382 F.3d at 1359-61; *Linear Tech.*, 379 F.3d at 1311. The standard for determining means-plus-function is specifically based on how the words "are understood by persons of ordinary skill in the art." *Williamson*, 792 F.3d at 1349. The '651 patent provides examples of the claimed invention sending messages from a camera to a server over the Internet, and ASP and PHP are two of the most well-known languages for processing and receiving messages over the Internet at the time of the invention.

(Appx000054 at col. 2:50-54, col. 3:4-11, 21-32, col. 5:12-14; Appx000307 at ¶11).

Defendants confuse the two steps of the means-plus-function analysis when they cite to *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509 (Fed.Cir. 2012) to argue that FO2GO is seeking to claim everything under the sun that performs parsing. (Defts Br. at 26). Whether a claim discloses sufficient structure such that a term is not in means-plus-function format is different from the second step of whether a term in means-plus-function format has sufficient disclosures in the specification. *Apple*, 757 F.3d at 1296. In *ePlus*, the Court determined that a means-plus-function term had no disclosure of a structure in the specification and therefore was claiming "everything… under the sun." 700 F.3 at 519. The "everything… under the sun" concern from *ePlus* does not apply if the term is not in means-plus-function format.

Finally, Defendants' reliance on *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed.Cir. 2003), is misplaced because, in this case, the claim language of the '651 patent provides sufficient structure to perform the entirety of the function (parsing the recipient code), which was not the situation in *Altiris*. The term at issue in *Altiris* was "means of booting including a first set of commands, … and a second set of commands...." *Id.* at 1375. The Court held that "commands" was "not sufficient structure to perform the entirety of the function," the use of the

word "including" suggested that the commands were not sufficient structure, and the "commands" were "really a restatement of the 'means for booting.'" *Id.* at 1376. In this case, "parsing said recipient code from each said message" provides sufficient structure to perform the entirety of the function (Appx000306-307 at ¶¶10-11), the term does not use an open ended word such as "including," and "parsing" is not a restatement of "server control means." Furthermore, *Altiris* did not involve a claim term that is used in common parlance or by persons of skill in the pertinent art to designate structure. (*Supra* at 10). Finally, *Altiris* relied on *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420 (Fed.Cir. 1997), for the statement that there must be language "in addition to the functional language" to rebut the presumption. *Altiris*, 318 F.3d at 1375. However, *Sage* only provided an example of when a claim is not in means-plus-function format, and did not state that a function could not also disclose a sufficient structure. *See* 126 F.3d at 1428-29.

### 3. The Other Claim Language is Relevant Because the "Server Control" Term is Read in the Context of the Particular Claim

Defendants are incorrect on the law when they argue that the remainder of the claim language is irrelevant to whether there is sufficiently disclosed structure for "parsing said recipient code from each said message." (Defts Br. at 26). In claim construction, the claim term is not read in a vacuum and instead the person

skilled in the art "is deemed to read the claim term… in the context of the particular claim in which the disputed term appears…." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed.Cir. 2005) (*en banc*).

The "server control" term requires a "***server*** control means parsing ***said recipient code*** from each ***said message***." (Appx000061 at col. 16:7-34 (emphasized terms are used earlier in the claims)). The claim requires a processor control for "transmitting a message, including at least one said recipient code" from the wireless digital camera apparatus to a destination address; "a server associated with said destination address and responsive to messages received"; "a database storing account configuration data including recipient code data"; and, upon receiving a message intended for the server, the server has software as a server control for parsing the recipient code from the message and retrieving database account configuration data associated with the recipient code. (*Id.*). In this context, a person skilled in the art would understand the claims to disclose a sufficiently definite structure to provide an operative software program for "server control means for parsing said recipient code from each said message." (Opening Br. at §V(B)(2); Appx000307 at ¶¶11-15).

### C. The Claims Are Not Indefinite Because the Specification Discloses Sufficient Structure Through Texts, Diagrams, and Flow Charts

Defendants argue that the specification does not disclose a sufficient structure for the "server control" term by trying to turn "parsing" into a complex

operation, when parsing is a straightforward and simple one-step algorithm. *See Power Integ.*, 711 F.3d at 1365 (comparing magnitudes of two signals is a straightforward function that does not require further description); (Appx000307 at ¶¶10, 11, 17, 21). The structure linked to the claimed means is not the high bar that Defendants' contend. *Biomedino, LLC v Waters Techs. Corp.*, 490 F.3d 946, 951 (Fed.Cir. 2007) (The requirement to disclose a structure in the specification "is not a high bar"). Defendants argue that the specification must contain a hyper-detailed structure when instead the algorithm "need not be so particularized as to eliminate the need for any implementation choices by a skilled artisan." *Ibormeith IP, LLC v Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1379 (Fed.Cir. 2013). The specification of the '651 patent discloses several previously discussed different algorithms for the "server control" term that fall into two groups discussed in FO2GO's opening brief.

First, if a person skilled in the art is disclosed the contents of a message known to contain a recipient code (Appx000056 at col. 6:11-13; Appx000059 at 11:51-53; Appx000050 at Fig. 19), that discloses to the person to use the particular code to simply request the recipient code from the message (*e.g.*, the specific ASP or PHP code). (Appx000307 at ¶10, Appx000310-311 at ¶18; Opening Br. at 40).

Second, if a person skilled in the art is provided with instructions for creating a message to send to a server containing a recipient code, which are

known by both the sender (camera) and receiver (server) (Appx000047 (Fig. 16); Appx000056 at col. 6:5-6; Appx000059 at col. 11:43 – col. 12:5; Opening Br. at 40-42), that person is provided with a sufficient structure to provide a software program to parse the recipient code from that message. (Appx000308-312 at ¶¶14, 17, 18, 21). These are algorithms that disclose the structure of the software for parsing the recipient code to a person skilled in the art, not clues of how to construct the algorithm.

Defendants' focus on solely the word "parsing" in the specification is a red herring because it ignores what the whole specification discloses to a person skilled in the art. For example, if a person were provided with instructions for constructing an object with Lego blocks and, after constructing the object, is then requested to remove (parse) a particular block, that person would use the same instructions used to build the object to also deconstruct the object to remove the particular block. In the '651 patent, because the specification provides a detailed explanation of the construction of the message containing a recipient code, the specification also discloses to a person skilled in the art a sufficient structure for parsing the recipient code from the message. (Appx000310-312 at ¶¶17-22).

#### 1. The Cases Relied on by Defendants Are Distinguishable on the Facts and the Applicable Law

Defendants discuss three cases to argue that the '651 patent specification does not disclose a structure, however, those cases are distinguishable. In

*Advanced Ground Inf. Sys., Inc. v Life360, Inc.*, No. 2015-1732, slip op. at 13 (Fed.Cir. July 28, 2016), the Court held that the term "symbol generator" was in means-plus-function format and that the specification only disclosed a general purpose computer for the structure. In this case, FO2GO is not relying on the disclosure of a general purpose computer in the specification and instead relies on several algorithms as explained above and in its Opening brief. Although irrelevant on the second step of the means-plus-function analysis, the Court in *Advanced Grounds* considered expert testimony on whether a claim term was in means-plus-function format in the first place, even though Defendants argue here that expert testimony should not be considered. *Id.*, slip op. at 9-10 (focusing on the expert's testimony to determine whether the term was used in "common parlance or by persons of skill in the pertinent art to designate structure.").

In *Ibormeith*, the asserted claims required a "computational means" in which certain warning actions occurred as a result of weighing certain data. 732 F.3d at 1377-1378. The patent owner and its expert acknowledged that the specification did not disclose how the data factors into a weighting (input), or how to determine when the weighted data met a warning threshold (what occurs as a result of the weighting). *Id*. at 1382. That is not the situation in the '651 patent. The specification of the '651 patent discloses a message containing a recipient code transmitted to the server and how it is created (input) and that the server retrieves

account configuration data associated with the recipient code (what occurs as a result of the parsing the recipient code). (Appx000047 (Fig. 16); Appx000050 (Fig. 19); Appx000051 (Fig. 20); Appx000056 at col. 6:5-6, 11-13; Appx000059 at col. 11:43 – col. 12:5; Appx000060 at col. 14:36-62).

In the third case, *Triton Tech. of Texas, LLC v Nintendo of America, Inc.*, 753 F.3d 1375 (Fed.Cir. 2014), the disclosure of the phrase "numerical integration" in the specification did not disclose the structure for "integrator means." The Court stated that "numerical integration" only restates the integration function and discloses a "class of algorithms 'that places no limitation on how values are calculated, combined, or weighted.'" *Id.* at 1379 (*quoting Ibormeith*, 732 F.3d at 1382). *Triton Tech.* is distinguishable from this case for the same reason as *Ibormeith*: the "parsing" in the "server control" term is a very specific operation and has nothing to do with calculating, combining, or weighing values. Defendants' numerous repeated quotations from *Triton Tech.* regarding "the broad class of 'numerical integration' does not limit the scope of the claim" is irrelevant because the Court held that "numerical integration" was not an algorithm. (Defts Br. at 35 (*also id.* at 19, 25)); *Triton Tech.* 732 F.3d at 1379. On the other hand, when the claim term "is used in common parlance or by a person of skill in the pertinent art to designate structure," the term can cover a broad class of structure.

*Massachusetts*, 462 F.3d at 1356 (*quoting Lighting World*, 382 F.3d at 1359-60); *Apple*, 757 F.3d at 1301 (*citing Flo Healthcare*, 697 F.3d at 1374 (*quoting Lighting World*, 382 F.3d at 1359)); *also Power Integrations*, 711 F.3d at 1365.

### 2. The "Server Control" Term is Not Implemented by a General Purpose Computer

Defendants and the district court incorrectly state that the parties "agreed that the claimed parsing function is intended to be implemented on a 'general purpose computer.'" (Defts Br. at 29 (*citing* Appx000008)[3]). FO2GO never agreed that the "server control" term was implemented on a general purpose computer and instead always argued that the claimed server had specific requirements: the server is associated with a destination address to which messages from the wireless digital camera apparatus are transmitted, the server is responsive to those messages, the server is associated with a database storing account configuration data including recipient code data, the server has a communications device, and the server has a server control means to parse the recipient code from each message, retrieve account configuration data from the database associated with the recipient code, and process the message according to the account

[3] The district court referred to three pages in FO2GO's claim construction brief. (Appx00008 (*citing* Appx000265-267, Appx000269)). Those pages do not mention a general purpose computer and instead state that the server has certain requirements. (*e.g.*, Appx000269).

configuration data. (Opening Br. at 8, 10, 14, 20-21, 35; Appx000258, Appx000259-260; Appx000268-269).

Even the district court's citation to the '651 patent does not support that the parsing is intended to be implemented on a general purpose computer. (Appx000008 (*citing* Appx000056 at col. 6:58-61)). The cited portion states that the server "may be programmatically implemented by using many general purpose hardware components," not that the "claimed function is implemented on a general purpose computer." (Appx000056 at col. 6:58-61). Before the "server control" term can be implemented, the server must be programmed so that it is assigned to a particular destination address, programmed with an account configuration table, and programmed to receive messages from the camera. (*e.g.*, Appx000038-39 (Figs. 3, 7); Appx000051 (Fig. 20); Appx000057 at col. 7:23-26, col. 8:43-62; Appx000060 at col. 13:30-62). The "server control" term therefore cannot be implemented on a general purpose computer.

### 3. The Exemplary ASP and PHP Code Are Relevant to Support Why the Specification Discloses Structure for the "Server Control" Term

Defendants fault FO2GO's disclosure of ASP and PHP code to demonstrate parsing the recipient code from the message by arguing that ASP and PHP code is not disclosed in the specification. However, Defendants incorrectly contend that FO2GO called the ASP and PHP code the disclosed "algorithms." (Defts Br. at 35

(*citing* Appx000258-259)). Instead, FO2GO argued that "parsing said recipient code from each said message" was a simple "one-step algorithm" and used ASP and PHP to "demonstrate" the simplicity of the algorithm by showing that the code was a "one-step, single-line operation." (Appx000258-259). The ASP and PHP code were also used to demonstrate why the algorithms in the specification were adequate to disclose a structure for parsing. (Opening Br. at 40). The examples of ASP and PHP supported the disclosures of a structure in the specification because they were two of the most well-known languages for processing and receiving messages over the Internet at the time of the invention, and the '651 patent provides examples of the claimed invention sending messages over the Internet. (Appx000054 at col. 2:50-54, col. 3:4-11, 21-32, col. 5:12-14; Appx000307 at ¶11).

### D. Defendants Did Not Rebut the Barnett Declaration and the District Court Did Not Consider the Barnett Declaration

Defendants contend that they rebutted the Barnett Declaration but they only provided attorney argument. Unsworn attorney argument is not evidence. *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed.Cir. 2009) (*citing Gemtron Corp. v. Saint-Gobain Corp.,* 572 F.3d 1371, 1380 (Fed.Cir.2009)). Defendants have the burden of showing by clear and convincing evidence that the specification fails to disclose sufficient corresponding structure to overcome the presumption of validity. *TecSec, Inc. v. International Business*

*Machines Corp.*, 731 F.3d 1336, 1349 (Fed.Cir. 2013); *Budde v. Harley-Davidson Inc.*, 250 F.3d 1369, 1376-77 (Fed.Cir. 2001). In view of FO2GO identifying specific text, flow charts, and diagrams and submitting the Barnett Declaration, Defendants failed to submit any evidence to show how a person of ordinary skill would understand those disclosures and only presented attorney argument. Defendants' unsubstantiated attorney argument is insufficient to satisfy their clear and convincing burden of proof. *See Invitrogen Corp. v. Clontech Laboratories, Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005) ("Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent, substantiated expert testimony."). In view of the Barnett Declaration and without any rebuttal evidence, Defendants cannot overcome the presumption of validity.

Defendants' contention that the district court considered the Barnett Declaration is not supported anywhere in the record. Defendants acknowledge that the district court did not mention the Barnett Declaration, yet they contend (without citation to the opinion) that the district court "properly rejected" the declaration. (Defts Br. at 38, 40). There is nothing in the opinion to support that the district court "properly rejected" the Barnett Declaration: (1) the opinion addresses FO2GO's positions solely as "Plaintiff argues" (implying solely attorney argument was submitted); (2) the opinion states that "Plaintiff references" the specification yet never mentions or references the Barnett Declaration

(Appx000007, Appx000009, Appx000010), (3) the opinion does not mention a person skilled in the art in the first step of the court's means-plus-function analysis, and (4) the opinion never states that the Barnett Declaration is unpersuasive or irrelevant, or cites any case law supporting disregarding the declaration. The only case law in the opinion that references expert testimony states that the district court can properly consider it. (Appx000004 (*citing Phillips*, 415 F.3d at 1317-19)).

Furthermore, the district court's conclusions demonstrate that the court did not look at the Barnett Declaration. The Barnett Declaration provided testimony on why other claim language rebutted the means-plus-function presumption, yet the district court only looked at the "server control" term in isolation. (*Compare* Appx0000007 *with* Appx000037-38 at ¶12). The Barnett Declaration supported that "parsing" was used in common parlance or by persons of skill in the pertinent art to designate structure and therefore whether the parsing term was also functional was irrelevant, yet the district court did not address this and instead relied on the inapplicable *Altiris* opinion. (Appx000007; *supra* at 10). The Barnett Declaration testified over three pages why the disclosures in the specification disclosed a structure to a person skilled in the art (Appx000309-312 at ¶¶16-22); yet the district court summarily concluded that the specification did not disclose an algorithm because they are "merely clues as to how an ordinary-skilled artisan

might craft an algorithm." (Appx000009-10). There is no evidence to support Defendants' contention that the district court considered the Barnett Declaration.

Defendants' "most important" argument misleadingly states that the Barnett Declaration is "simply irrelevant" because the specification allegedly does not disclose an algorithm. This argument does not apply to considering the Barnett Declaration for the first step of the means-plus-function analysis (whether the term is in means-plus-function form); it only applies to the second step of the means-plus-function analysis (whether the specification discloses an algorithm). The Barnett Declaration is relevant to whether the "server control" term is in means-plus-function form, regardless of whether the specification discloses an algorithm, and Defendants make no argument to dispute this conclusion. *Advanced Ground*, No. 15-1732, slip op. at 9-10, 12; *also Lighting World*, 382 F.3d at 1361 (*overruled in part on other grounds* (heightened presumption) by *Williamson*, 792 F.3d at 1349); *Linear Tech.*, 379 F.3d at 1320.

The cases cited by Defendants also demonstrate that the district court should have considered the Barnett Declaration to determine whether the specification discloses an algorithm in the second step of the means-plus-function analysis. In *Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F3d 616 (Fed.Cir. 2015), the parties agreed that the specification did not disclose a structure. *Id.* at 621. Yet, the district court still "made explicit factual findings, based on expert

testimony." *Id.* at 624. In *Default Proof Credit Card v. Home Depot USA*, 412 F.3d 1291 (Fed.Cir. 2005), the district court considered expert testimony to determine whether the specification disclosed structure before disregarding the testimony as conclusory. *Id.* at 1301-02. In *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302 (Fed.Cir. 2012), this Court held that it was error to disregard expert testimony to determine the "sufficiency of the purportedly disclosed algorithm" even though the defendant alleged that there was no structure in the specification. *Id.* at 1313. In this case, FO2GO has presented evidence to determine the sufficiency of the disclosed algorithm, which requires consideration of the Barnett Declaration.

Even if the Court were to find that there must have been some unknown and unstated consideration of the Barnett Declaration by the district court, the "district court's failure… to justify its complete rejection of [ ] expert testimony" necessitates reversing the district court's decision. *Osram Sylvania v. American Induction Techs.*, 701 F.3d 698, 706 (Fed.Cir. 2012).

## **CONCLUSION**

FO2GO respectfully requests that this Court reverse the district court's claim construction of the term "server control means for parsing said recipient code from each said message" and hold that the term is not in means-plus-function form.

FO2GO further respectfully requests that this Court reverse the district court's holding that the term "server control means for parsing said recipient code

from each said message" is indefinite, and hold that there is corresponding structure in the specification and the term is not indefinite.

FO2GO further respectfully requests that this Court reverse the district court's holding that claims 1-5 of U.S. Patent No. 7,173,651 are invalid.

Dated: August 15, 2016

Respectfully submitted,

*/s/David R. Bennett*
David R. Bennett
*Counsel of Record*
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com
*Attorney for Plaintiff-Appellant*
*FO2GO LLC*

FORM 30. Certificate of Service

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on August 15, 2016
by:

- ☐ U.S. Mail
- ☐ Fax
- ☐ Hand
- ☒ Electronic Means (by E-mail or CM/ECF)

| David R. Bennett | /s/David R. Bennett |
|---|---|
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Direction IP Law |
| Address | P.O. Box 14184 |
| City, State, Zip | Chicago, IL 60614 |
| Telephone Number | 312-291-1667 |
| Fax Number | |
| E-Mail Address | dbennett@directionip.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure Rule 32(a)(7)(B). The brief contains 6,017 words, excluding the parts of the brief exempted by Federal Rules of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 version 16.0.6925.1016 (32-bit) in 14-point Times New Roman Font.

By: *<u>/s/David R. Bennett</u>*
David R. Bennett
*Attorney for Appellant,*
*FO2GO LLC*
August 15, 2016